UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

KEVIN RAZZOLI,

                Plaintiff,                                  REPORT & RECOMMENDATION
      -against-                                         **03 CV 5434 (CBA) (LB)**

FEDERAL BUREAU OF PRISONS; U.S.
PAROLE COMMISSION,

                Defendants.
------------------------------------------------X
BLOOM, United States Magistrate Judge:

Plaintiff, proceeding *pro se*, asserts a claim for a violation of his rights under the Privacy Act, 5 U.S.C. §552a *et seq.*, as a result of defendants maintaining allegedly false documents and relying on those documents in the decision to revoke his parole in October of 2003. Plaintiff seeks expungement of the documents in question and over $750,000 in compensatory damages as well as $ 4,000,000 for emotional distress. Defendants move for summary judgment under Fed. R. Civ. P. 56.[1] The Honorable Carol B. Amon referred this motion to me for a Report and Recommendation pursuant to 28 U.S.C. §636(b). For the reasons that follow, I respectfully recommend that defendants' motion should be granted and plaintiff's complaint should be dismissed.

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on October 1, 2003 and on June 9, 2004, Judge Amon issued a Memorandum and Order ("M&O") dismissing plaintiff's complaint; plaintiff was afforded sixty days to file an amended complaint. On August 6, 2004, plaintiff filed his amended complaint and by M&O dated January 26, 2005 Judge Amon permitted plaintiff's amended complaint to proceed on the following claims: "[inaccurate] records were used by United States Parole Officer

---

[1] As plaintiff is proceeding pro se, defendants provided plaintiff with a copy of Local Civil Rule 56.2, setting forth plaintiff's obligations in opposing a motion for summary judgment.

("USPO") Long in his April 25, 2003 warrant application and by USPO Arce in her May 12, 2003 Pre-Assessment Summary, and that these documents [adversely] affected the Parole Commission's determinations." M & O at 2. Defendants move for summary judgment on several grounds and plaintiff opposes defendants' motion.

## BACKGROUND[2]

Plaintiff was found guilty of attempted murder and related charges by a military court martial in 1987 and sentenced to 25 years. Plaintiff was subsequently transferred to the custody of the Bureau of Prisons ("BOP") to serve out his term and after serving 165 months of his sentence, was released to parole in April 2001. Plaintiff's Amended Complaint at 1. (hereinafter "Am. Compl. at _"). Since plaintiff's initial release from incarceration, he has faced a number of revocations of his parole including in October 2003, the revocation specifically underlying this action. Each time plaintiff's parole has been revoked, he has challenged the revocation,[3] including filing a petition for a writ of habeas corpus regarding the parole revocation that is the subject of this action. As at least two of plaintiff's prior complaints concern matters related to his parole revocation in October 2003, a brief review of those actions is appropriate.

On May 27, 2003, plaintiff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 alleging that the arrest warrant issued in April 2003 (leading to his parole revocation in October 2003) had been obtained on the basis of false statements made by USPO Scott Long.

---

[2]The facts are taken from plaintiff's amended complaint and Defendants' Rule 56.1 Statement (hereinafter "56.1 Statement") and are not in dispute unless otherwise noted.

[3]See Razzoli v. U.S. Parole Comm'n, 02-CV-2782 (CBA) (writ of habeas challenging plaintiff's December 17, 2001 arrest which led to the revocation of his parole, dismissed as moot following plaintiff's September 2002 release from custody); Razzoli v. Zenk, 04-CV-1269 (CBA) (writ of habeas challenging plaintiff's February 9, 2004 arrest and detention, denied on the merits).

2

Razzoli v. U.S. Parole Comm'n, Docket No. 03-CV-2656 (CBA). This petition was dismissed without prejudice as the parole proceedings were ongoing and plaintiff had therefore failed to exhaust his administrative remedies.[4] Plaintiff next filed an action pursuant to 42 U.S.C. §1983 on September 24, 2003 against the U.S. Parole Commission, several federal officers, as well as various named and unnamed members of the Police Department of Orangetown, New York, stemming from his arrest in Orangetown in April 2003 and his subsequent re-incarceration with the Bureau of Prisons (BOP) as a result of his parole revocation. Razzoli v. U.S. Parole Comm'n et al., Docket No. 03-cv-4915 (CBA). That complaint alleged, *inter alia*, false arrest and failure to protect. The Court declined to transfer the action to another district upon finding that the claims alleged against the Orangetown defendants were not properly venued here. The Court further construed plaintiff's Section 1983 claim as a Bivens action and dismissed the claims against all of the federal defendants, but afforded plaintiff the opportunity to amend his complaint. Plaintiff did not file an amended complaint, but instead filed the instant new action on October 1, 2003, asserting claims against defendants, the BOP and the U.S. Parole Commission, based on alleged violations of the Privacy Act 5 U.S.C. §552a. Judge Amon dismissed the complaint, but granted plaintiff leave to file an amended complaint. See June 9, 2004 M&O.

Plaintiff's instant amended complaint alleges that he was arrested on April 25, 2003 by the Orangetown Police on false charges of car theft based on inaccurate statements made by a complaining witness, whom plaintiff claims was coerced into making false statements by an officer of the Orangetown Police. Am. Compl. at 2. Plaintiff alleges he was held by the Orangetown Police as a result a phone call made by USPO Long who informed Orangetown that a warrant had been

---

[4]The U.S. Parole Commission revoked plaintiff's parole on October 1, 2003. See 56.1 Statement Ex. 26.

issued for plaintiff's arrest. Am. Compl. at 1. Plaintiff was subsequently taken into federal custody on or about May 6, 2003. 56.1 Statement ¶ 28. Plaintiff alleges that the arrest warrant obtained by USPO Long contained false information about plaintiff's drug use. Am. Compl. at 1. Plaintiff further alleges that USPO Nancy Arce drafted a false pre-assessment report that was relied upon in the August 2003 parole revocation hearing. Id.[5]

Plaintiff was charged with two separate counts in his parole revocation hearing; drug use and unauthorized use of a vehicle. 56.1 Statement Ex. 24. A parole hearing was held on September 15, 2003, during which plaintiff admitted to the hearing officer that he had used illegal drugs on the dates charged. 56.1 Statement Ex. 25. By decision dated October 1, 2003, the U.S. Parole Commission revoked plaintiff's parole based on plaintiff's drug use. However, the U.S. Parole Commission found that there was an insufficient basis to find plaintiff guilty of unauthorized use of a motor vehicle and did not revoke plaintiff's parole on this basis. 56.1 Statement Exs. 25, 26.

Plaintiff vehemently denies that he admitted to drug use in the course of his preliminary interview by U.S.P.O. Arce following his return to federal custody on May 6, 2003. 56.1 Statement Ex. 21. Significantly, however, plaintiff offers nothing to refute that he admitted to using drugs on several dates in January, February and March of 2003 at his parole hearing. Moreover, defendants submit plaintiff's appeal of his parole revocation wherein plaintiff asserts that he can't be charged twice for the "very same dirty urines." 56.1 Statement Ex. 27. Plaintiff in essence argued in the appeal of his parole revocation that as he had already served time in a rehabilitation center for having tested positive for drug use, it was a violation of "double jeopardy" to violate his parole on this same

---

[5]Although plaintiff refers to August 14, 2003 as the date of his parole revocation hearing, the record establishes that plaintiff's parole hearing occurred on September 15, 2003 and his parole was revoked by decision of the U.S. Parole Commission dated October 1, 2003. Exs. 25, 26.

4

basis. Id. By decision dated December 31, 2003, the National Appeals Board of the U.S. Parole Commission affirmed plaintiff's parole revocation noting that double jeopardy was inapplicable to plaintiff's claim. The Appeals Board ultimately upheld the charge of drug use finding that plaintiff had admitted to the offense and that other evidence in the record corroborated this charge. 56.1 Statement Ex. 29.

Plaintiff further maintains that A.U.S.A. Susan Corkery and Douglas Theissen, an attorney with the United States Parole Commission, relied on documents from his prison records dating back to 1995 that should have been expunged in opposing plaintiff's writ of habeas corpus filed in May of 2003. Plaintiff states Theissen's and Corkery's reliance on these and other false documents resulted in the Court's dismissal of plaintiff's habeas petition.

Finally, plaintiff's opposition to defendants' motion contains numerous references to incidents which occurred in 2005 as a result of plaintiff's latest parole revocation in 2004. Plaintiff also attaches numerous exhibits he entitles "Updated Violations." However, none of these claims or allegations are relevant to subject of the instant action.[6]

## DISCUSSION

I.  **Summary Judgment Standard**

A motion for summary judgment may be granted when a court "determines that there is no genuine issue of material fact to be tried." Savino v. City of New York, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c) and Celotex Corp. V. Catrett, 477 U.S. 317 (1986)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable juror could return a verdict for

---

[6]Plaintiff also raises in his opposition comments that the Court made during a telephone conference on July 19, 2005. However, any comments made during that conference are not relevant to the underlying subject matter of the instant action.

5

the nonmoving party.'" Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). "The trial court's function in deciding such a motion is not to weigh evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allsate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

"When a motion for summary judgment is made and supported . . ., an adverse party may not rest upon the mere allegations or denial of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In other words the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagra Mohawk Power Corp. V. Jones Chemical, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998). Moreover, "[t]he mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252).

Where, as here, a party is proceeding *pro se*, the Court is obliged to "read [his] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is especially true in the summary judgment context when a pro se plaintiff's claims are subject to final dismissal. See, Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).[7]

---

[7]Additionally, the Second Circuit requires the district court or the moving party to advise pro se plaintiffs of the consequences of failing to respond to a motion for summary judgment. Irby v. New York

## II. Claims Implicating the Validity of Plaintiff's Parole Revocation

Defendants argue that plaintiff's complaint must be dismissed as it is barred. To the extent that plaintiff challenges the Parole Commission's revocation, this action would be barred. See Heck v. Humphrey, 512 U.S. 477 (1994). However, defendants argue that plaintiff's claims are barred by res judicata based on the decision of the United States Court of Appeals for the D.C. Circuit in a similar case brought by plaintiff. See Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 (D.C. Cir. 2000). In that action, plaintiff challenged the recision of BOP good time credits under the Privacy Act as well as the Freedom of Information Act, 5 U.S.C. §552, based on Razzoli's theory that defendants maintained inaccurate records reporting a drug possession incident in their files. The Court in that case ordered that the Privacy Act claim should have been dismissed without prejudice (instead of with prejudice) and remanded the FOIA request for the district court to dismiss it with leave to amend. Although the D.C. Circuit's decision demonstrates that plaintiff has brought similar claims before,[8] the decision is not a bar to the instant action.

## III. Claim for Expungement of Records Pursuant to 5 U.S.C. 552a (e)(5) and (g)(1)(c)

Plaintiff's complaint cites to Section (e)(5) of the Privacy Act which states in relevant part "[e]ach agency that maintains a system of records shall . . . maintain all records that are used by the agency in making any determination with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. Plaintiff also references Section (g)(1)( c) of the Privacy Act which states in relevant part "[w]henever any agency

---

City Transit Auth., 262 F.3d 412, 414 (2d Cir. 2001). As previously noted, defendants herein provided plaintiff with the requisite notice under Local Civil Rule 56.2.

[8]Judge Amon noted in her June 9, 2004 M&O that this was plaintiff's fifth case filed in two years regarding his parole revocation.

[ ] fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the . . . rights . . . of . . . the individual that may be made on the basis of such record, and consequently a determination is made that is adverse to that individual . . . the individual may bring a civil action against the agency, and the district court shall have jurisdiction in the matter pursuant to this subsection." Defendants note that the statute contains a provision that allows systems of records within an agency to be exempt from certain sections of the Act. Specifically, defendants reference Sections (j)(2) which permits the exemption, as well as Section(d)(2) which covers a request to amend records under the Act. Defendants also note that 28 C.F.R.16.85(a)(2) exempts the Parole Commission's "Inmate and Supervision Files System" from the Act. Finally, defendants maintain that the records of the BOP are similarly exempt citing to 28 C.F.R.16.85(a)(2).

Plaintiff's claim here is that the arrest warrant obtained by USPO Long and the pre-assessment report provided by USPO Arce, both of which contain references to plaintiff's admitted use of drugs, violated his rights under the Privacy Act. Plaintiff has not established that these documents are inaccurate. A review of the record reveals that plaintiff's parole was revoked as a result of his own admission of drug use during the September 15, 2003 parole revocation hearing. See 56.1 Statement Ex. 25, September 25, 2003 Parole Violation Report (indicating that plaintiff admitted the drug use charge); 56.1 Statement Ex. 26, October 1, 2003 Notice of Parole Revocation (noting the basis for plaintiff's parole revocation was his admitted use of drugs during his parole hearing). As plaintiff has failed to demonstrate that the Long warrant application and the Arce Pre-Assessment report are inaccurate, plaintiff has no Privacy Act claim for expungement of his record. Therefore, defendants' motion for summary judgment should be granted.

## IV. Claim for Damages Pursuant to 5 U.S.C. 552a (g)(4)

In order for plaintiff to state a claim for monetary damages under Section 552a (g)(4) he must show that (1) he has been aggrieved by an adverse determination; (2) [defendants] failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) [defendants'] reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the [defendants] acted intentionally or willfully in failing to maintain accurate records. Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996). Although plaintiff alleges an adverse action was taken in reliance on false records, namely the revocation of his parole in October 2003, as previously noted, plaintiff does not establish that any of the records relied upon were inaccurate or that the revocation of his parole was the result of defendants maintaining inaccurate documents. Moreover, even if plaintiff established that there were inaccuracies in his record, he has not shown the required "intentional or willful" misconduct on the part of the defendants as required by the Act. See Dowd v. Internal Revenue Service, 776 F.2d 1083 (2d Cir. 1985) (requiring plaintiff to show willfulness or intentional violation of the Act by the defendant in order to prevail on claim). Plaintiff has made no such showing.

Defendants provide documents to establish that plaintiff admitted to drug use which led to the revocation of his parole in October 2003. Exs. 25, 26, 29. Plaintiff does not overcome this fact. Instead, plaintiff continues to refer to BOP records from 1995 (challenged in the D.C. Circuit Court case, Razzoli v. Federal Bureau of Prisons, 230 F.3d 371) and the charge that he unlawfully used the car of his elderly neighbor. However, plaintiff fails to demonstrate that the 1995 records or the car theft charge played any role in his parole being revoked in October 2003. 56.1 Statement Ex. 26. Accordingly, defendants' motion for summary judgment should be granted.

9

## IV. Plaintiff's Other Arguments

Plaintiff attempts to establish that a genuine issue of material fact is in dispute by pointing to alleged inaccuracies in defendants' motion papers. These 'inaccuracies" are clearly not material to the underlying action. Plaintiff's claim that the government's attorneys who represented the defendants in plaintiff's related habeas petition submitted false and inaccurate documents which led to the denial of his petition is similarly unavailing. Plaintiff's amended complaint herein was limited to the documents relied on by the BOP and the Parole Commission to revoke his parole in 2003. Therefore, statements made in documents in another proceeding are not at issue in this case. Moreover, plaintiff's petition for habeas corpus relief was denied because plaintiff had failed to exhaust his administrative remedies, not based on the attorneys' representations.

## CONCLUSION

Plaintiff has failed to produce affirmative evidence upon which a jury could return a verdict in his favor. Accordingly, defendants' motion for summary judgment under Fed. R. Civ. P. 56 should be granted and plaintiff's complaint should be dismissed.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: September 12, 2006
Brooklyn, New York

Lois Bloom
United States Magistrate Judge